## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Robert Foster, <br><br> Plaintiff, <br><br> v. <br><br> Central Credit Services, Inc.; and DOES 1-10, inclusive, <br><br> Defendant. | Civil Action No.: 14-cv-532 <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

For this Complaint, the Plaintiff, Robert Foster, by undersigned counsel, states as follows:

### **JURISDICTION**

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* ("TCPA") and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Robert Foster ("Plaintiff"), is an adult individual residing in Cheyenne Way, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3), and is a "person" as defined by 47 U.S.C.A. § 153(39).

5. Defendant Central Credit Services, Inc. ("Central"), is a Wisconsin business entity with an address of 8040 Excelsior Drive, Suite 400, Madison, Wisconsin 53717, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), and is a "person" as defined by 47 U.S.C.A. § 153(39).

6. Does 1-10 (the "Collectors") are individual collectors employed by Central and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Central at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8. Upon information and belief, a financial obligation (the "Debt") was allegedly incurred to an original creditor (the "Creditor").

9. Upon information and belief, the Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. Upon information and belief, the Debt was purchased, assigned or transferred to Central for collection, or Central was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. Central Engages in Harassment and Abusive Tactics**

12. In April of 2014, Central began calling Plaintiff in an attempt to collect the Debt from Plaintiff's namesake (the "Debtor").

13. Plaintiff's social security number and date of birth do not match those of the Debtor.

14. The calls were placed to Plaintiff's cellular phone, number 409-xxx-5167.

15. The calls were placed from telephone number 866-489-4531.

16. When Plaintiff answered the phone, he was met with a period of silence followed by an automated click at which point the call was transferred to a Central operator.

17. The foregoing is indicative of a predictive dialer, an automated telephone dialing system (ATDS) under the TCPA.

18. Plaintiff does not know how Central acquired his cellular phone number. Plaintiff did not provide it to Central or the original creditor.

19. Plaintiff did not provide prior express consent to Central to place calls to his cellular phone number.

20. During the initial conversation, Plaintiff informed Central that he was not the Debtor and demanded that all calls to him cease.

21. Nevertheless, the calls continued.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. § 1692, *et seq*.**

22. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

3

23. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

24. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

25. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

26. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

27. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq*.

28. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. At all times mentioned herein and within the last four years, Defendants called Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer") and/or by using a prerecorded or artificial voice.

30. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that

4

has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

31. Defendants' telephone systems have all the earmarks of a Predictive Dialer.

32. When Plaintiff answered the phone, he was met with a period of silence before Defendants' telephone system would connect him to the next available representative.

33. Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

34. Plaintiff never provided his cellular telephone to Defendants and never provided his consent to be contacted on his cellular telephone, and in fact instructed Defendants to stop all calls to him.

35. Plaintiff never provided his cellular telephone to the Creditor and never gave consent to the Creditor to contact him on his cellular telephone number.

36. In the event Defendants at one time had consent to contact Plaintiff on his cellular telephone, Plaintiff revoked his consent by his demand to cease calls to his cellular telephone.

37. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

38. Each of the aforementioned calls made by Defendant constitutes a violation of the TCPA.

39. As a result of each of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

40. As a result of each of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;
2. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;
3. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C); and
4. Such other and further relief as may be just and proper.

Dated: July 29, 2014

Respectfully submitted,

By /s/ Amy L. Cueller

Amy L. Cueller, Esq., #15052-49
LEMBERG LAW, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
E-Mail: acueller@lemberglaw.com
Attorneys for Plaintiff